**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**25  CV  804-S**

**Francine C. VerHagen**,
Plaintiff, pro se,

Case No. _____

v.

**ERIE COUNTY SHERIFF'S OFFICE**,
(and **John Does 1–7**, individual deputies to be named),
Defendants.



UNITED STATES DISTRICT COURT
FILED
SEP 3 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

---

### INTRODUCTION

This is a civil action brought under 42 U.S.C. § 1983 to address the violation of Plaintiff's constitutional rights by the Erie County Sheriff's Office (ECSO). Defendant, acting under color of law, participated in and enabled a pattern of misconduct involving unlawful dissemination of medical information, custodial interference, refusal to investigate credible safety threats, and retaliation for asserting protected rights. Plaintiff seeks declaratory and monetary relief.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events occurred in Erie County, New York.

### PARTIES

3. Plaintiff Francine Carolyn VerHagen is a resident of Erie County, New York, and a United States citizen.

4. Defendant **Erie County Sheriff's Office (ECSO)** is a municipal law enforcement agency in Erie County, New York. Plaintiff brings this action against ECSO pursuant to **Monell v. Department of Social Services**, 436 U.S. 658 (1978), alleging that the constitutional violations described herein were the result of official policies, customs, or practices of ECSO, and not merely isolated acts of misconduct.

5.  Defendants **John Does 1–7** are individual deputies and supervisory personnel with the Erie County Sheriff's Office who were directly involved in the incidents described herein. Plaintiff sues them in their **individual capacities**.

## FACTUAL BACKGROUND

5.  Plaintiff has been engaged in a protracted custody dispute in which she was the **primary residential custodian** of her children until **escalating involvement by the Erie County Sheriff's Office (ECSO) began in May 2022**. At all times during ECSO's involvement, Plaintiff maintained **valid court-ordered parenting time** under New York State Supreme Court Index No. 800049/2022, and there were **no protection orders issued against her** restricting her parental rights.

6.  In **May 2022**, Plaintiff experienced a series of escalating incidents that culminated in a severe violation of her rights and personal safety by an ECSO deputy. At the time, Plaintiff had a valid **order of protection** in place against her ex-partner. His aggressive behavior and documented harassment caused the Plaintiff to fear for her and her children's safety and called law enforcement for help.

7.  Rather than providing protection or de-escalation, the responding **ECSO deputy screamed at Plaintiff**, called her "batshit crazy," and **placed his hand on his firearm**, beginning to unholster it while attempting to force his way through the door. He ordered Plaintiff to bring him into the basement **alone**, despite her fear and the presence of her sleeping children in the home.

8.  Terrified and without functioning locks on her doors, Plaintiff fled the residence with her children and attempted to seek help from other law enforcement agencies. When no one assisted her, she drove to a campground where they camped safely in a tent she had packed. The next morning, Plaintiff was **traumatically separated from her children** when she was **forcibly hospitalized** under false pretenses. She was medically assaulted and **coerced into rescinding her order of protection** under threat: *"You'll never see or speak to your kids again."*

9.  A **fraudulent order** — allegedly authorizing such separation — was issued **that same morning** but had no legal basis and lacked proper notice, hearing, or service. This **forced hospitalization** and the subsequent removal of her children mark the beginning of the civil rights violations that continue to this day. Plaintiff's and her children's lives changed irreversibly that day.

10. Plaintiff made **FOIL requests** for body camera footage, dispatch records, and incident reports from the ECSO and affiliated agencies, but her requests were denied or ignored. When she later submitted a misconduct complaint, ECSO's Professional Standards Division claimed the deputy in question had "retired" and there was nothing they could do. However, Plaintiff later encountered this **same deputy** during the **April 2024 court-ordered custody interference**, disproving the claim that he had retired.

11. On or about October 2022, Plaintiff was sexually assaulted and submitted to a rape kit examination. Although she chose not to file a police report, a public entry appeared in the police blotter, and third parties learned of the incident — a clear violation of her medical and privacy rights.

12. The public dissemination of this sensitive information placed Plaintiff and her children in immediate danger, as it alerted the assailant (who had not been reported or arrested) that Plaintiff had gone to the hospital but had not pressed charges. This created a foreseeable risk of retaliation, stalking, intimidation, or further violence. Rather than protecting Plaintiff's safety, ECSO's actions exposed her to further harm and violated her Fourth and Fourteenth Amendment rights to medical privacy and due process.

13. Plaintiff filed a formal complaint with ECSO Professional Standards regarding this disclosure. Their response denied wrongdoing and offered no remedy. (See Exhibits A and C).

14. Plaintiff submitted multiple FOIL requests to ECSO seeking records about the incident and related misconduct. Her requests were denied or ignored. (See Exhibit B).

15. On April 5–6, 2024, Plaintiff attempted to retrieve her children as scheduled under a valid custody order. ECSO deputies refused to enforce the order and instead instructed Plaintiff to return to Family Court, despite confirming the order existed. (See Exhibit D).

16. Meanwhile, her ex-partner Jason Hill admitted in writing that he had informed ECSO he would not allow the custody exchange. Messages show that ECSO aligned with Mr. Hill's position, denying Plaintiff her parenting rights. (See Exhibit E).

17. ECSO and affiliated parties then escalated Plaintiff's peaceful attempts into a retaliatory criminal complaint, falsely accusing her of "aggravated harassment" while ignoring her actual custody rights. (See Exhibit D).

**EXHIBITS**

This Complaint is supported by the following exhibits, attached hereto and incorporated by reference:

- **Exhibit A** – Police blotter entry or newspaper memo disclosing rape kit information without Plaintiff's consent.

- **Exhibit B** – FOIL requests and responses from ECSO showing obstruction and denial of access to critical records.
- **Exhibit C** – Email(s) and letter(s) from ECSO Professional Standards regarding misconduct complaints.
- **Exhibit D** – Four-page ECSO Incident Report (April 6–11, 2024) showing refusal to enforce custody orders, encouragement of third-party obstruction, and misuse of police resources to retaliate against Plaintiff.
- **Exhibit E** – Messages from Jason Hill showing he informed ECSO in advance of his refusal to comply with court orders, and that ECSO supported or enabled this interference.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of Fourth and Fourteenth Amendments – Unlawful Disclosure of Medical Information**
(42 U.S.C. § 1983)

12. Defendant publicly disseminated Plaintiff's confidential medical information without consent, in violation of her right to privacy and due process.

13. This action directly resulted in emotional harm, reputational damage, and fear of further retaliation.

### COUNT II

**Violation of Fourteenth Amendment – Custodial Interference / Denial of Due Process**
(42 U.S.C. § 1983)

14. Plaintiff's court-ordered parenting time was repeatedly obstructed by ECSO deputies, despite no legal order authorizing such denial.

15. Exhibit D shows deputies refused to enforce orders, telling Plaintiff to return to Family Court while simultaneously helping third parties block exchanges.

16. Exhibit E confirms ECSO coordinated with Plaintiff's ex, who preemptively told them he would not allow compliance, and ECSO went along with it.

17. The misconduct of ECSO deputies in April 2024 mirrors the earlier 2022 incident described above, demonstrating a **pattern of coordinated interference** with Plaintiff's parental rights and physical safety. Both incidents involved the **same deputy**, despite ECSO's prior claim that he had

retired — undermining ECSO's credibility and confirming **institutional deception** and ongoing retaliation.

18. These actions deprived Plaintiff of liberty and parental rights without due process.

## COUNT III

**Violation of Fourteenth Amendment – Deliberate Indifference / Refusal to Investigate**
(42 U.S.C. § 1983)

18. Plaintiff reported credible safety concerns, including being harassed and threatened, but ECSO refused to investigate or take any action.

19. FOIL responses (Exhibit B) and internal responses (Exhibit C) show ECSO chose to ignore complaints without justification.

20. This pattern reflects deliberate indifference to Plaintiff's safety and parental rights.

## COUNT IV

**Violation of First and Fourteenth Amendments – Retaliation and Viewpoint Discrimination**
(42 U.S.C. § 1983)

21. After Plaintiff filed complaints and attempted to enforce her rights, ECSO and affiliated parties escalated her lawful actions into criminal allegations (e.g., "aggravated harassment") as shown in Exhibit D.

22. These actions were not based on evidence of threats or violence, but on Plaintiff's protected expression and lawful attempts to retrieve her children.

23. ECSO's treatment of Plaintiff was retaliatory, discriminatory, and designed to silence her.

## COUNT V

**Municipal Liability – Monell Claim**
*(Violation of 42 U.S.C. § 1983 – Pattern, Policy, or Custom of Constitutional Violations)*

24. The constitutional violations set forth in Counts I through IV were not isolated incidents, but the direct result of policies, customs, and/or practices maintained by the Erie County Sheriff's Office.

25. ECSO has a pattern of refusing to enforce valid custody orders in favor of one parent while retaliating against the other — particularly Plaintiff — through harassment, misinformation, and selective enforcement of criminal statutes.

26. These facts further support Plaintiff's Monell claim: ECSO maintained a policy or custom of (1) failing to enforce valid court orders, (2) intimidating survivors of domestic violence, (3) misusing

medical and legal systems to discredit and silence complainants, and (4) protecting internal actors by providing false information (e.g., false retirement status). Plaintiff's coerced psychiatric hospitalization, forced surrender of an active protection order, and subsequent loss of custody all occurred under ECSO's watch and with the cooperation of multiple departments acting under color of law.

27. ECSO has also demonstrated a policy or widespread custom of:

- Publicly disclosing confidential medical information,
- Ignoring citizen complaints and FOIL requests,
- Retaliating against individuals who attempt to assert their rights through lawful channels,
- misusing medical and legal systems to discredit and silence complainants,
- intimidating survivors of domestic violence,
- protecting internal actors by providing false information (e.g., false retirement status).
- failing to enforce valid court orders, and
- Coordinating with private parties to obstruct lawful parenting time.

27. These practices were carried out by ECSO deputies and supervisors under color of law and with the approval or willful blindness of ECSO leadership.

28. As a direct result of these unconstitutional customs and practices, Plaintiff suffered loss of parenting time, reputational harm, emotional distress, and retaliation for exercising her rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

a. Declare that Defendant's actions violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments;

b. Award compensatory damages;

c. Award punitive damages;

d. Award court costs and fees as allowed by law;

e. Declare that Defendant Erie County Sheriff's Office is liable under **Monell** for maintaining unconstitutional customs, practices, or policies that violated Plaintiff's rights under the U.S. Constitution.

F. Grant such other and further relief as this Court deems just and proper.

## VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2025

Buffalo, New York.

PRO Se

**Francine C. VerHagen**
Pro Se Plaintiff

PO Box 231
Buffalo, NY 14207
Tel: (716) 949-8789
Email: fverhagen1618@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Erie County Sheriff's Office

# EXHIBIT A

# of pgs (not including cover sheet) __5__

Police Blotter   October 2022
FOIL Request  Re Police  Blotter  June 2023
Complaint

OCTOBER 2022

tenant on
in Elma
a dispute
the evic-

ale Lane
isis Ser-
hought
uggling
th. The
dvised
all the
eport
d work
cause
ers.

ny Lane
paying a
led "Re-
separate
work in
ner of the

going bankrupt.

An individual was charged with DWI after failing a sobriety test during a traffic stop on Holland-Glenwood Road in Holland.

**Oct. 17**

Following an accident between a bus and a truck on Route 400 in Elma, three students were evaluated at the scene before transferring to another school bus.

A female on Lyndale Lane in Marilla was transported to ECMC for a mental health evaluation following an initial evaluation by Crisis Services.

**Oct. 18**

A resident on Pearl Terrace in Elma is the victim of sexual assault that occurred

ing on stry.
Wales.
        O
A female
by a vehic
Drive in 1
ported to I
A femal
in Elma w
was thre
herself b
vinced t
before
ECMC
evaluat

A resi
Road in
her son :
The son s
to him an
of the hou
A reside
Road in H
to the loc
officer al
old son's l
asked for

8 at 6:30 p.m. Meetings are held at the hall, which is located at 12345 Big Tree

The She
tended to
tion ab

A-1



ew and Maine roads, the work is to upgrade the

**a**

...is not returning...
...e resident is now...
...ith the district...
...ffice and the at-...
...al after hearing...
...pany might be...
...pt.
...af was charged...
...fter failing a...
...during a traffic...
...and-Glenwood...
...nd.
...d. 17...
...an accident...
...s and a truck...
...n Elma, three...
...evaluated at...
...transferring...

in the home. The victim was evaluated at a local hospital. No charges have been filed.

Two dirt bikes were stolen from an unblocked building on Strykersville Road in Wales.

A female who was struck by a vehicle on Cragburn Drive in Elma was transported to ECMC.

A female on Fairway Drive in Elma who had a knife and was threatening to harm herself by suicide was convinced to put the knife down before being transferred to ECMC for a mental health examination.

A-2

## Addendum to Civil Rights Complaint – Jurisdictional Overreach and Endangerment

I respectfully submit this addendum to highlight additional concerns involving the Erie County Sheriff's Office (ECSO) regarding the chain of custody and publication of sensitive information following a sexual assault in October 2022.

The assault occurred in a jurisdiction policed by the Buffalo Police Department, and the hospital where the rape kit was conducted is also under Buffalo PD authority. Despite not filing a police report, ECSO became involved in the transport and handling of the forensic evidence.

ECSO's involvement raises critical questions:
- Why was ECSO handling the rape kit from a jurisdiction outside their regular scope?
- Was there an interagency agreement in place, and if so, where is the record of it?
- Who authorized the publication of identifying information in the police blotter despite no filed report?

The disclosure of my assault's date and location in a small town endangered me and my children and signaled to the assailant that I had undergone a rape exam but did not press charges. This not only compromised my safety but may have discouraged future action on my part due to fear of retaliation.

I request that this jurisdictional breach, confidentiality violation, and reckless endangerment be investigated as part of the broader civil rights complaint.


Sincerely,
Francine C. VerHagen
May 20, 2025

A-3

 Gmail

Francine VerHagen <fverhagen1618@gmail.com>

---

## Elma Police Blotter
3 messages

---

**Francine VerHagen** <fverhagen1618@gmail.com>
To: sheriff@erie.gov

Mon, Jun 12, 2023 at 3:26 PM

**2 attachments**



**Screenshot_20230612-152346_Gallery.jpg**
824K



**Screenshot_20230612_152219.jpg**
1003K

---

**Pawenski, Linda** <Linda.Pawenski@erie.gov>
To: Francine VerHagen <fverhagen1618@gmail.com>

Mon, Jun 12, 2023 at 3:49 PM

Francine – thank you.  Received.

ECSO

**From:** Francine VerHagen <fverhagen1618@gmail.com>
**Sent:** Monday, June 12, 2023 3:27 PM
**To:** Sheriff <sheriff@erie.gov>
**Subject:** Elma Police Blotter

[**Caution**: this email is **not** from an Erie County employee: attachments or links **may not be safe**.]

A -4

1. **Collection, transportation, and custody of sexual assault forensic evidence (rape kit)** from Mercy Hospital, collected on or about **October 18, 2022**, involving me, **Francine C. VerHagen (DOB: 01/30/1984)**.

2. Any records that explain:

- Why a **police blotter entry** was made public regarding a rape report from Pearl Terrace, Elma, NY, despite the absence of a formal complaint at that time.

- Who authorized or entered that information, and what documentation was used to do so.

3. Any internal records, incident reports, or emails reflecting **sheriff or police awareness of the case** despite my not filing a formal report until months later.

4. Any records related to my **formal report filed months after the assault** and the resulting criminal proceedings against the defendant, including:

- The date charges were filed

- Copies of charging documents (redacted as necessary)

- Disposition documents indicating the defendant's guilty plea to **forcible touching**.

5. All records referencing **calls or visits made by me** to report this incident or related matters, between **October 2022 and June 2023**.

If possible, please provide these materials in electronic format. I am willing to pay reasonable copying and processing fees but request a waiver of fees as this information is being requested to support ongoing legal and civil rights matters.

If any portion of this request is denied, please provide the specific statutory exemption and the right to appeal under FOIL.

Sincerely,
**Francine C. VerHagen**
[Quoted text hidden]

A - 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Erie County Sheriff's Office

# EXHIBIT B

# of pgs (not including cover sheet)__12__

JULY  2025  FOIL  REQUEST /DENIAL

## 25-063963 FOIL APPEAL

## DECISION

On or around July 8, 2025, Ms. VerHagen submitted a Foil request (attached).

On or around July 31, 2025, the FOIL records officer denied in part and granted in part the FOIL request (attached).

On or around August 6, 2025, an Appeal from denial was submitted.

This Appeals Officer Reviewed all documents and discussed the FOIL request with the records officer's staff.

After review, research and due deliberation it is the decision of this Officer that the Appeal is **DENIED** pursuant to P.O.L. 89(3)(a) and P.O.L. 87(2)€(iii).

APPEAL is therefore **DENIED**.

Dated:

August 25, 2025.

Chief Daniel P. Grasso
FOIL Appeals Officer

B-1

**Grasso, Daniel**

| | |
|---|---|
| **From:** | Francine <wanderlustwarrior1577@gmail.com> |
| **Sent:** | Wednesday, August 6, 2025 10:07 PM |
| **To:** | ecsofoilappeals |
| **Subject:** | FOIL Appeal – Denial of Records Related to Subpoenas, Incident Reports, Custody Exchanges, and Communications (Ref #25-063963) |
| **Attachments:** | Francine VerHagen.pdf |

You don't often get email from wanderlustwarrior1577@gmail.com. Learn why this is important

[**Caution:** this email is **not** from an Erie County employee: attachments or links **may not be safe.**]

Dear Chief Grasso,

Pursuant to **New York Public Officers Law §89(4)(a),** I hereby appeal the denial and partial response issued on or about **August 5, 2025,** regarding FOIL Reference #25-063963.

My original FOIL requested the following categories of records from **January 1, 2022 to present** involving myself and my minor children:

1. Subpoenas and OTSCs
2. Incident reports, custody exchanges, and call logs
3. Names and badge numbers of involved officers
4. Communications involving attorney **Michele G. Bergevin**
5. Internal policies governing subpoena procedures

While your response states that certain records were emailed on **July 31, 2025** under a different reference number, no specific list of what was fulfilled or withheld has been provided, and multiple categories remain unanswered or improperly denied.

## Grounds for Appeal:

### 1. Failure to Provide Index or Clarification on Fulfillment

The response references prior delivery of records under FOIL #25-063964 but fails to **enumerate what records were included,** what is being withheld, and under which statutory exemptions. FOIL requires such clarity to allow meaningful appeal.

### 2. Improper Use of Intra-/Inter-Agency Exemption for Bergevin Emails

B-2

 **Gmail**

**Francine <wanderlustwarrior1577@gmail.com>**

## FOIL Appeal – Denial of Records Related to Subpoenas, Incident Reports, Custody Exchanges, and Communications (Ref #25-063963)

3 messages

**Francine <wanderlustwarrior1577@gmail.com>**
To: ECSOfoilappeals@erie.gov

Wed, Aug 6, 2025 at 10:06 PM

Dear Chief Grasso,

Pursuant to **New York Public Officers Law §89(4)(a)**, I hereby appeal the denial and partial response issued on or about **August 5, 2025**, regarding FOIL Reference #25-063963.

My original FOIL requested the following categories of records from **January 1, 2022 to present** involving myself and my minor children:

1. Subpoenas and OTSCs

2. Incident reports, custody exchanges, and call logs

3. Names and badge numbers of involved officers

4. Communications involving attorney **Michele G. Bergevin**

5. Internal policies governing subpoena procedures

While your response states that certain records were emailed on **July 31, 2025** under a different reference number, no specific list of what was fulfilled or withheld has been provided, and multiple categories remain unanswered or improperly denied.

### Grounds for Appeal:

#### 1. Failure to Provide Index or Clarification on Fulfillment

The response references prior delivery of records under FOIL #25-063964 but fails to **enumerate what records were included**, what is being withheld, and under which statutory exemptions. FOIL requires such clarity to allow meaningful appeal.

#### 2. Improper Use of Intra-/Inter-Agency Exemption for Bergevin Emails

Communications between your agency and **external third-party attorneys**, including Ms. Michele Bergevin, **are not exempt intra-agency materials** under §87(2)(e)(iii), and must be disclosed unless another valid exemption applies. Your denial did not assert such an exemption or conduct a required **balancing test**.

#### 3. Unjustified Denial of Internal Policy or Practice

You claim that the department has **no policy or practice** regarding judicial review of subpoenas involving protected information. If such a policy or internal practice exists—even informally—it is subject to disclosure. If no such guidance exists, please confirm that formally.

### Request for Relief:

I respectfully request that you:

- Provide an **itemized index** of all records previously emailed and confirm which items were withheld or redacted.

B-3

- Disclose all **communications involving Michele Bergevin,** including document transmittals or case correspondence.

- Confirm whether any **policy, practice, or directive exists**—written or otherwise—related to judicial validation of subpoenas in sensitive or protected cases.

- Provide all responsive records in electronic format, or state clearly why any particular document is being lawfully withheld.

Thank you for your attention to this appeal. I look forward to a prompt and lawful response within the statutory time frame.

Sincerely,
**Francine C. VerHagen**

---------- Forwarded message ---------
From: **psdfoils** <psdfoils@erie.gov>
Date: Thu, Jul 31, 2025 at 3:17 PM
Subject: RE: FOIL Request – Subpoena Records, Incident Reports & Officer Involvement
To: Francine <wanderlustwarrior1577@gmail.com>

Please see the attached regarding your FOIL request.

Thank you

**From:** Francine <wanderlustwarrior1577@gmail.com>
**Sent:** Tuesday, July 8, 2025 11:47 PM
**To:** psdfoils <psdfoils@erie.gov>
**Subject:** FOIL Request – Subpoena Records, Incident Reports & Officer Involvement

You don't often get email from wanderlustwarrior1577@gmail.com. Learn why this is important

[**Caution**: this email is **not** from an Erie County employee: attachments or links **may not be safe**.]

**To:** FOIL Officer
Erie County Sheriff's Office

**From:** Francine C. VerHagen
PO Box 231
Buffalo, NY 14207

Under the NYS Freedom of Information Law, I request access to the following documents:

1. All **subpoenas, OTSCs,** or similar legal documents received by your office involving **Francine VerHagen, BH,** or **MH** from **January 1, 2022 to present.**
2. Any **incident reports, call logs, custody exchange documentation,** or complaints involving my name or children.
3. Names, badge numbers, and narratives of all **officers or staff involved** in these exchanges or reports.
4. Records or emails from your department in response to **attorney Michele G. Bergevin,** including any sharing of documents or subpoena responses.
5. Your policy for verifying judicial signature on subpoenas before fulfilling requests involving confidential or protected data.

B- 4

Communications between your agency and **external third-party attorneys,** including Ms. Michele Bergevin, **are not exempt intra-agency materials** under §87(2)(e)(iii), and must be disclosed unless another valid exemption applies. Your denial did not assert such an exemption or conduct a required **balancing test.**

### 3. Unjustified Denial of Internal Policy or Practice

You claim that the department has **no policy or practice** regarding judicial review of subpoenas involving protected information. If such a policy or internal practice exists—even informally—it is subject to disclosure. If no such guidance exists, please confirm that formally.

---

## Request for Relief:

I respectfully request that you:

- Provide an **itemized index** of all records previously emailed and confirm which items were withheld or redacted.
- Disclose all **communications involving Michele Bergevin,** including document transmittals or case correspondence.
- Confirm whether any **policy, practice, or directive exists**—written or otherwise—related to judicial validation of subpoenas in sensitive or protected cases.
- Provide all responsive records in electronic format, or state clearly why any particular document is being lawfully withheld.

Thank you for your attention to this appeal. I look forward to a prompt and lawful response within the statutory time frame.

Sincerely,
**Francine C. VerHagen**


---------- Forwarded message ---------
From: **psdfoils** <psdfoils@erie.gov>
Date: Thu, Jul 31, 2025 at 3:17 PM
Subject: RE: FOIL Request – Subpoena Records, Incident Reports & Officer Involvement
To: Francine <wanderlustwarrior1577@gmail.com>


Please see the attached regarding your FOIL request.


Thank you

B-5

I request electronic delivery of these records and a written explanation of any redactions or denials. Thank you for your prompt attention.

_____

📄 **Francine VerHagen.pdf**
63K

---

**ecsofoilappeals** <ecsofoilappeals@erie.gov>                                    Fri, Aug 8, 2025 at 9:19 AM
To: Francine <wanderlustwarrior1577@gmail.com>, psdfoils <psdfoils@erie.gov>

Appeal received

A decision will be made on or around August 19, 2025

Thank you


Respectfully,


Chief Dan Grasso

Erie County Sheriff's Office

Civil Enforcement Division

FOILs Appeals Officer

Phone: (716) 858-7619

Daniel.Grasso@erie.gov





[Quoted text hidden]

---

**ecsofoilappeals** <ecsofoilappeals@erie.gov>                                    Mon, Aug 25, 2025 at 2:22 PM
To: Francine <wanderlustwarrior1577@gmail.com>
Cc: "Held, Neil" <Neil.Held@erie.gov>, psdfoils <psdfoils@erie.gov>

Attached please find Decision for 25-063963

Thank you


Respectfully,


Chief Dan Grasso

Erie County Sheriff's Office

Civil Enforcement Division

B- 6

FOILs Appeals Officer

Phone: (716) 858-7619

Daniel.Grasso@erie.gov



**From:** Francine <wanderlustwarrior1577@gmail.com>
**Sent:** Wednesday, August 6, 2025 10:07 PM
**To:** ecsofoilappeals <ecsofoilappeals@erie.gov>
**Subject:** FOIL Appeal – Denial of Records Related to Subpoenas, Incident Reports, Custody Exchanges, and Communications (Ref #25-063963)

You don't often get email from wanderlustwarrior1577@gmail.com. Learn why this is important

[Quoted text hidden]

---

📄 **decision 25-063963.pdf**
215K

B-7

JOHN C. GARCIA
SHERIFF

WILLIAM J. COOLEY
UNDERSHERIFF



ADMINISTRATIVE OFFICES
10 DELAWARE AVENUE
BUFFALO, NEW YORK 14202-3913
(716) 858-7618
FAX: (716)858-7882
WEBSITE: http://www.erie.gov/sheriff

# SHERIFF OF ERIE COUNTY

7/31/2025

PO Box 231
Buffalo, New York 14207

Francine VerHagen,

### FOIL REFERENCE # 25-063963
RE: Subpoena Records, Incident Reports, Officer Involvement, and Policy and Procedure

Your FOIL(s) request dated 7/8/2025 has been received and reviewed.

In response to your inquiry, your request for records is denied based on the explanation below.

- *The records you have requested regarding incident reports, call logs, complaints, names, badge numbers, and narratives regarding custody exchange were previously emailed to you on 7/31/2025. The FOIL reference number is 25-063964.*

- *Please contact the Erie County Family Court regarding subpoenas or similar legal documents that this agency may have received regarding yourself.*

- *Records of emails from this agency regarding an incident* cannot be disclosed because they are inter- or intra-agency materials which are NOT: statistical data or instructions to staff affecting the public pursuant to §87(2)(e)(iii) of the Public Officers Law.

- *This department and or agency does not maintain or possess a policy and procedure regarding verifying a signature on a subpoena pursuant to (§89(3)(a) of the Public Officers Law.*

If you wish to appeal this denial, you have 30 days from the receipt of access to records or portions thereof. Please contact the Appeals Officer, Chief Daniel Grasso by either postal mail to 134 West Eagle Street, 4th Floor, Civil Division, Buffalo, NY 14202 or you can email your FOIL appeal request to ECSOfoilappeals@erie.gov.

For more information, review NYS Public Officers Law §87; Access to Agency Records or NYS Public Officers Law §89. General provisions relating to access to records; certain cases.

Best Regards,

Chief Neil C. Held
Professional Standards and Training Divisions
40 La Riviere Drive, Suite 140
Buffalo, NY  14202

B-8

**Warrington, Kate**                                                  25-063963

| | |
|---|---|
| **From:** | Francine <wanderlustwarrior1577@gmail.com> |
| **Sent:** | Tuesday, July 8, 2025 11:47 PM |
| **To:** | psdfoils |
| **Subject:** | FOIL Request – Subpoena Records, Incident Reports & Officer Involvement |

You don't often get email from wanderlustwarrior1577@gmail.com. Learn why this is important

[Caution: this email is **not** from an Erie County employee: attachments or links **may not be safe.**]

**To:** FOIL Officer
Erie County Sheriff's Office

**From:** Francine C. VerHagen
PO Box 231
Buffalo, NY 14207

Under the NYS Freedom of Information Law, I request access to the following documents:

1. All **subpoenas, OTSCs,** or similar legal documents received by your office involving **Francine VerHagen, BH,** or **MH** from **January 1, 2022 to present**.
2. Any **incident reports, call logs, custody exchange documentation,** or complaints involving my name or children.
3. Names, badge numbers, and narratives of all **officers or staff involved** in these exchanges or reports.
4. Records or emails from your department in response to **attorney Michele G. Bergevin,** including any sharing of documents or subpoena responses.
5. Your policy for verifying judicial signature on subpoenas before fulfilling requests involving confidential or protected data.

I request electronic delivery of these records and a written explanation of any redactions or denials. Thank you for your prompt attention.

1

B-9



# County of Erie

## DEPARTMENT OF CENTRAL POLICE SERVICES
July 8, 2025

| FOR CPS USE ONLY |
| --- |
| Request Number: 25 07 40 |
| Date Received: 07/07/2025 |

Francine VerHagen
fverhagen1618@gmail.com

      Re: Freedom of Information Law (FOIL)

Dear Francine VerHagen:

      I write in response to your request for information pursuant to New York's Freedom of Information law request for copies of all records, reports, internal communications, blotter entries, call logs, and evidence chain of custody documentation related to Francine C. VerHagen (DOB: ███/1984).

      Per NYS Foil regulations, records compiled for law enforcement purposes and which if disclosed would interfere with law enforcement investigations or judicial proceedings cannot be released.

      Erie County Central Police Services cannot ascertain that any possible records found do or do not meet that criterion, so Erie County Central Police Services cannot release any records that may be found.

      It is recommended that you send a FOIL request for the reports to the following agencies:

Erie County Sheriff's Office:
https://www4.erie.gov/sheriff/foilmedical-requests

-or-

Neil Held, ECSO FOIL Officer
Neil.Held@erie.gov

      You may appeal our denial of your FOIL request within thirty (30) days of your receipt of this letter by sending written notice of your appeal to the County's FOIL Appeals Officer, Office of the County Executive, 95 Franklin Street, Buffalo, New York 14202. A copy of your appeal should also be sent to the Erie County Attorney, 95 Franklin Street, Room 1634, Buffalo, New York 14202, and to the undersigned.

      Should further assistance be needed, or if there are other questions relating to this request, please call the undersigned at 716-858-6365.

Very truly yours,


Marlaine P. Hoffman
Director of Information Systems

B-16

 **Gmail**                                          Francine VerHagen <fverhagen1618@gmail.com>

---

## FOIL Request – Rape Kit Processing, Evidence Chain of Custody, and Related Records (VerHagen)

---

Francine VerHagen <fverhagen1618@gmail.com>                              Mon, Jul 7, 2025 at 8:25 PM
To: pdsfoils@erie.gov, DA.FOIL@erie.gov, CountyAttorneyFOIL@erie.gov

To Whom It May Concern:

Pursuant to the New York Freedom of Information Law (Public Officers Law §§ 84-90), I respectfully request copies of any and all records, reports, internal communications, blotter entries, call logs, and evidence chain of custody documentation related to the following:

1. **Collection, transportation, and custody of sexual assault forensic evidence (rape kit)** from Mercy Hospital, collected on or about **October 18, 2022**, involving me, **Francine C. VerHagen (DOB: 01/30/1984).**

2. Any records that explain:

- Why a **police blotter entry** was made public regarding a rape report from Pearl Terrace, Elma, NY, despite the absence of a formal complaint at that time.

- Who authorized or entered that information, and what documentation was used to do so.

3. Any internal records, incident reports, or emails reflecting **sheriff or police awareness of the case** despite my not filing a formal report until months later.

4. Any records related to my **formal report filed months after the assault** and the resulting criminal proceedings against the defendant, including:

- The date charges were filed

- Copies of charging documents (redacted as necessary)

- Disposition documents indicating the defendant's guilty plea to **forcible touching**.

5. All records referencing **calls or visits made by me** to report this incident or related matters, between **October 2022 and June 2023.**

If possible, please provide these materials in electronic format. I am willing to pay reasonable copying and processing fees but request a waiver of fees as this information is being requested to support ongoing legal and civil rights matters.

If any portion of this request is denied, please provide the specific statutory exemption and the right to appeal under FOIL.

Sincerely,
**Francine C. VerHagen**

B-11

 Gmail                                         **Francine VerHagen <fverhagen1618@gmail.com>**

---

## FOIL Request – Rape Kit Processing, Evidence Chain of Custody, and Related Records (VerHagen)

---

**Francine VerHagen** <fverhagen1618@gmail.com>                        Wed, Jul 9, 2025 at 7:45 AM
To: Neil.held@erie.gov

Please see below. Central Police Service state you can process my request. Thanks and have a lovely day!

---------- Forwarded message ---------
From: **Francine VerHagen** <fverhagen1618@gmail.com>
Date: Mon, Jul 7, 2025 at 8:25 PM
Subject: FOIL Request – Rape Kit Processing, Evidence Chain of Custody, and Related Records (VerHagen)
To: <pdsfoils@erie.gov>, <DA.FOIL@erie.gov>, <CountyAttorneyFOIL@erie.gov>

[Quoted text hidden]

[Quoted text hidden]

Sincerely,
**Francine C. VerHagen**

B-12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____

VerHagen vs. Erie County Sheriff's Office

# EXHIBIT C

# of pgs (not including cover sheet)___8___

Emails   To/From   ECSO   Prof. STANDARDS
'Resolution'   LETTER



Francine VerHagen <fverhagen1618@gmail.com>

---

## Complaint
2 messages

**Francine VerHagen** <fverhagen1618@gmail.com>                                          Thu, Jun 15, 2023 at 3:41 PM
To: "O'Hara, Brian" <brian.o'hara@erie.gov>, Neil.held@erie.gov
Cc: sheriff@erie.gov

Dear Sirs,

Your department's letter closing out 1 of 3 complaints is absolutely unacceptable. There was never a complaint for an incident April 5. The complaint summarized was not the one I provided. Chief Donovan is the absolute opposite of professional. The way he ignores basic questions but yells repeatedly 'we did a thorough investigation' is not acceptable. The way he yelled at me for asking this basic questions is not appropriate. It seems like a thorough investigation was NOT done as none of you can provide a response that actually makes sense or has the actual details of the complaints. I'll be not only escalating my current complaints but now I'll need to add one about your professional standards department.

My children and I endured so much trauma this year, stemming from the inappropriate behavior and lack of training by the Sheriffs department. After taking months and months of failure to communicate with me regarding these complaints, this is the response you provide? This is disrespectful!

I'll continue to pursue this as your response is not satisfactory and leaves me with so many more questions.

Have a great day!

Sincerely,
Francine VerHagen



**20230614_220141.jpg**
2043K

---

**Francine VerHagen** <fverhagen1618@gmail.com>                                          Mon, Jul 7, 2025 at 8:22 PM
To: "O'Hara, Brian" <brian.o'hara@erie.gov>, Neil.held@erie.gov
Cc: sheriff@erie.gov

**FOIL Request – Rape Kit Processing, Evidence Chain of Custody, and Related Records (VerHagen)**

---

To Whom It May Concern:

Pursuant to the New York Freedom of Information Law (Public Officers Law §§ 84-90), I respectfully request copies of any and all records, reports, internal communications, blotter entries, call logs, and evidence chain of custody documentation related to the following:

C-1

**JOHN C. GARCIA**
SHERIFF

**WILLIAM J. COOLEY**
UNDERSHERIFF



**ADMINISTRATIVE OFFICES**
10 DELAWARE AVENUE
BUFFALO, NEW YORK 14202-3913
(716) 858-7618
FAX: (716)858-7882
WEBSITE: http://www.erie.gov/sheriff

# SHERIFF OF ERIE COUNTY

June 13, 2023

Francine Verhagen

Buffalo, NY 14216

Dear Mrs. Verhagen:

The Office of Professional Standards opened a case concerning a complaint that you made against an employee of the Erie County Sheriff's Office. Specifically, you alleged that, on April 5, 2023, Deputy Farina forced his way into your home without a warranted reason or judge's signature, and also that he made an inappropriate comment to you.

Based on your complaints, a complete and thorough investigation was conducted by this Office. The investigation revealed that Deputy Farina did not violate any departmental rules or regulations, therefore; he is exonerated and the case is now closed.

If you have any questions or concerns, please feel free to contact me at #858-8088.

Sincerely,

Chief Timothy Donovan
Professional Standards Division

TD:ja

cc:    File

C - 2

 Gmail

## Emails

**Francine VerHagen** <fverhagen1618@gmail.com>
To: "Joslyn, Scott" <Scott.Joslyn@erie.gov>

Thu, Jun 13, 2024 at 10:31 AM

Here's some emails. I have another email account I will be looking through as well. I've also attached the BPD Police Report from the night of the initial custodial withholding. They may not have helped but they handled the situation appropriately by attempting to honor the order without using force.

Have a lovely day!

Sincerely,
Francine VerHagen

**7 attachments**

Gmail - Complaint 1.pdf
118K

Gmail - Complaint 5.pdf
57K

Gmail - Complaint 3.pdf
75K

Gmail - Complaint 4.pdf
54K

Gmail - Complaint 2.pdf
69K

Gmail - Complaint 7.pdf
69K

Gmail - Complaint 6.pdf
57K

C-3

 Gmail                                    Francine VerHagen <fverhagen1618@gmail.com>

_____

## Complaint
_____

**Francine VerHagen** <fverhagen1618@gmail.com>                      Tue, May 16, 2023 at 1:49 PM
To: "O'Hara, Brian" <Brian.O'Hara@erie.gov>

I still have not heard anything from anyone. Please provide an address to send a certified mail request as this has been
going on for an unacceptable amount of time.

Thanks so much!
[Quoted text hidden]

C-4

 Gmail

Francine VerHagen <fverhagen1618@gmail.com>

## Complaint

**O'Hara, Brian** <Brian.O'Hara@erie.gov>
To: Francine VerHagen <fverhagen1618@gmail.com>

Thu, Apr 27, 2023 at 12:45 PM

I will look into it

Sent from my iPhone

On Apr 27, 2023, at 11:52 AM, Francine VerHagen <fverhagen1618@gmail.com> wrote:

[Caution: this email is not from an Erie County employee: attachments or links may not be safe.]

I have tried following up with the complaints and all the people I've been told to call do not respond. I have a custody case pending and this is affecting my childrens well being.

On Thu, Apr 27, 2023, 11:31 AM O'Hara, Brian <Brian.O'Hara@erie.gov<mailto:Brian.O%27Hara@erie.gov>> wrote:
Both cases have been completed and were sent up the chain of command. The rules for the newspapers have been revised do not know the outcome of the other case. I am not familiar with a complaint regarding those pictures, but it may have been given to someone else.
Detective O'Hara

[cid:image001.jpg@01D8FE6A.A0CE1B00]
Detective Brian O'Hara
Erie County Sheriff's Office
Investigative Services
(716) 242-9612
oharab@erie.gov<mailto:oharab@erie.gov>

CONFIDENTIALITY NOTICE: This e-mail, including any attachments, may contain highly sensitive and confidential information. It is intended only for the individual(s) named. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

From: Francine VerHagen <fverhagen1618@gmail.com<mailto:fverhagen1618@gmail.com>>
Sent: Wednesday, April 26, 2023 5:15 PM
To: Held, Neil <Neil.Held@erie.gov<mailto:Neil.Held@erie.gov>>; O'Hara, Brian <Brian.O'Hara@erie.gov<mailto: Brian.O%27Hara@erie.gov>>
Subject: Re: Complaint

[Caution: this email is not from an Erie County employee: attachments or links may not be safe.]

While I'm waiting on a response. Can you tell me if both of these are a pictured of Sherrif Francowiak (sp?)? Theyre just scrrenshots off of facebook, so wasnt around him or anything. Thanks so much!

[Quoted text hidden]

C-5

 Gmail

Francine VerHagen <fverhagen1618@gmail.com>

## Complaint

**Francine VerHagen** <fverhagen1618@gmail.com>
To: "O'Hara, Brian" <Brian.O'Hara@erie.gov>

Thu, Apr 27, 2023 at 11:52 AM

I have tried following up with the complaints and all the people I've been told to call do not respond. I have a custody case pending and this is affecting my childrens well being.
[Quoted text hidden]

**2 attachments**


**image001.jpg**
4K


**image001.jpg**
4K

C-6

 Gmail

Francine VerHagen <fverhagen1618@gmail.com>

## Complaint

**O'Hara, Brian** <Brian.O'Hara@erie.gov>                                      Thu, Apr 27, 2023 at 11:31 AM
To: Francine VerHagen <fverhagen1618@gmail.com>

Both cases have been completed and were sent up the chain of command. The rules for the newspapers have been revised do not know the outcome of the other case. I am not familiar with a complaint regarding those pictures, but it may have been given to someone else.

Detective O'Hara



**Detective Brian O'Hara**

**Erie County Sheriff's Office**

**Investigative Services**

**(716) 242-9612**

oharab@erie.gov

*CONFIDENTIALITY NOTICE: This e-mail, including any attachments, may contain highly sensitive and confidential information. It is intended only for the individual(s) named. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.*

**From:** Francine VerHagen <fverhagen1618@gmail.com>
**Sent:** Wednesday, April 26, 2023 5:15 PM
**To:** Held, Neil <Neil.Held@erie.gov>; O'Hara, Brian <Brian.O'Hara@erie.gov>
**Subject:** Re: Complaint

[**Caution**: this email is **not** from an Erie County employee: attachments or links **may not be safe**.]

[Quoted text hidden]

C- 7

 Gmail

Francine VerHagen <fverhagen1618@gmail.com>

---

## Complaint

---

**Francine VerHagen** <fverhagen1618@gmail.com>                    Thu, Mar 30, 2023 at 6:53 PM
To: "Neil.held@erie.gov" <Neil.held@erie.gov>

Good evening,

I was just going through old mail, as I just moved, and saw a letter stating you were working on my complaint and that you would be In touch. I do not believe I spoke with you but I was working with Det(?) OHara. I've been trying to get an update but have not received an update from that contact. Are you still working on it as I have additional questions?

Thanks!

Francine VerHagen
7169498789

C-8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____
VerHagen vs. Erie County Sheriff's Office

# EXHIBIT D

# of pgs (not including cover sheet)__5__

ECSO    INCIDENT REPORTS APRIL 2024



| | | Complaint |
|---|---|---|
| **Erie County Sheriff's Office** | | **24-030345** |
| **POLICE REPORT** | | |
| **INFORMATION: ASSIST CITIZEN** | | Report Date & Time 04/05/2024 17:55 |

## INCIDENT

| Address of Occurrence | | District | Tract | Occ. Date & Time | Day of Week | Type of Premise |
|---|---|---|---|---|---|---|
| 81 PEARL TE | ELMA | 3 | | 04/05/2024 17:55 | Friday | |

| Status | Follow Up By | Supl | TT Mess# | TT Entry Date | TT Cancel# | TT Cancel Date |
|---|---|---|---|---|---|---|
| Closed | Records | N | | | | |

| Officers: 399 - MYERS | Rep. Off.: 399 - MYERS | Assigned. Off.: |
|---|---|---|
| | Supervisor: S336 - HOELSCHER | |

## Subject - 1

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| HILL | JASON | J | | ██1976 | White | M | 48 | N | N | PR |

| Address | City | State | Zip | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 81 PEARL TE | ELMA | NY | 14059 | (█████20 | |

| Height | Weight | Hair | Eyes | Build | Complexion | Glasses | Scars/Marks/Tattoos | Cell Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

## Complainant - 1

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| VERHAGEN | FRANCINE | | | ██1984 | White | F | 40 | N | N | PR |

| Address | City | State | Zip | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 80 DELHAM AV | BUFFALO | NY | | ████0165 | |

| Height | Weight | Hair | Eyes | Build | Complexion | Glasses | Scars/Marks/Tattoos | Cell Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

## Associated Person - 1

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| JUVENILE | | | | | Not Reported | F | 7 | Y | N | PR |

## Associated Person - 2

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| JUVENILE | | | | | Not Reported | F | 5 | Y | N | PR |

## NARRATIVE

| POLICE REPORT | Date Entered: 04/06/2024 02:40 | Typist: ROBERT MYERS | Officer: 399-MYERS |
|---|---|---|---|

On Friday April 6, 2024 Deputy Myers was dispatched to a call to assist complainant Verhagen, Francine (█/84) with a custody dispute with subject Hill, Jason J (██76). Verhagen states that per the custody agreement, Hill is to complete a custody exchange of their children at 81 Pearl Terrace Elma, NY at 1800 hrs every other Friday. On this date, Hill did not show up per the court order. Deputy Myers then called Hill inquiring as to whether or not he would be completing the exchange. Hill stated that he would not be exchanging the children on this date as he felt that Verhagen is unstable and does not feel safe leaving his kids with her. Hill was advised by patrol that he should follow the court order (which he did acknowledge existed), however should follow up with Family Court regarding his concerns over this situation. Deputy Myers then called Verhagen back on the phone to provide her an update (Verhagen had been waiting at 81 Pearl Terrance for the exchange). Verhagen stated that she had an updated court order signed the morning of April 5, 2024 which required Hill to complete the custody exchange this evening per the original agreement. Deputy Myers requested that Verhagen meet at at the Erie County Sheriff's Substation at 1600 Bowen Rd for an in person interview and to review the court documents in question. Upon Verhagen's arrival, she did not have the signed court documents with her. Verhagen stated that she represents herself in Family Court (does not use a family court lawyer),does not get live documents and that everything is sent to her digitally from the court. Verhagen went on to state that she felt her children were not safe with Hill as he was abusive with her in the past and needed the children to be turned over to her immediately. Verhagen believed the children to be with Hill at a location in North Tonawanda. Deputy Myers advised Verhagen to request a Welfare Check of her children by the North Tonawanda Police Department and to not confront Hill at the address personally. An Axon Evidence.com link was sent to Verhagen to upload the court documents that she had digitally in her possession. Verhagen was advised that a police report would be completed for this incident, however she should follow up with Family Court for further action. Verhagen was provided a complaint card containing the CL number for this incident and advised on how she could access a copy of the police report for Family Court.

| Printed Date: 05/08/2024 08:11 AM | | Page: 1 |
|---|---|---|

D-1



| | **Erie County Sheriff's Office**<br>**POLICE REPORT**<br>**INFORMATION: ASSIST CITIZEN** | *Complaint*<br>**24-030345**<br>*Report Date & Time*<br>04/05/2024  17:55 |
|---|---|---|

**SUPPLEMENT # 1**    *Date Entered:* **04/07/2024  06:13**    *Typist:* **THOMAS WAS**    *Officer:* **338-WAS**

Refer to original CL

At approximately 7:35am Francine called dispatch to insist that her kids weren't safe and were missing. I advised her that they were checked on last night in Tonawanda and they were safe and sound. Francine insisted that she needed to go see them and she was going to North Tonawanda to attempt contact. She was advised not to do that and to instead go to family court. Francine hung up on patrol. I left a voicemail message for father just to advise that she might be headed to North Tonawanda.

Refer to CL#24-030504

At 9:28am Francine contacted dispatch to report that her kids are in the house at 81 Pearl Terrace and she wants to get them. I, Deputy Was, responded and spoke with Francine. Francine insisted on using her phone to live stream the interaction on Facebook. I was invited into home to talk to Jason and the girls were present playing in the basement. Jason advised me again that he just wasn't comfortable giving her the girls with the way she was acting. Jason also didn't approve that Francine wanted to take the girls with her to some "hippy festival" this weekend. The house at 81 Pearl Terrace is sold but not closed on yet and it's in both their names, but Francine did move out last March and hasn't lived there since then.
   Francine was advised once again that she would need to go to family court on Monday and file a petition. Francine argued that patrol wasn't doing anything to enforce the visitation order. Francine advised patrol that she was going to sit on the bench in front of house on her property until the girls come out. Patrol advised her that that would not accomplish anything but it's her property so go ahead. Francine wanted to sit there and film the entire interaction.
   Jason was advised that she was staying and he said they will just stay inside and ignore her, as she doesn't have access inside the house. Patrol advised Jason that maybe he would want to take the girls somewhere else for the day if that would be more comfortable. Patrol would assist him in leaving if he wanted, but he declined. Patrol cleared the scene.

Refer to CL#24-030525

At 11:51am Francine called back to say that Jason just left the house with just the dog and she wants to know where her girls are. Patrol contacted Jason to find out he was at the substation. Patrol met with Jason who advised that he snuck the girls out the backyard to the adjacent street so his parents could pick them up and take them to their residence at ▓▓▓▓▓▓▓▓ n Blasdell. Patrol contacted Francine and advised her of the update at which point she argued with patrol and hung up again. Blasdell PD was advised of the situation in case Francine makes her way to their town. All parties again referred to family court.

**IMAGE(S)**

| | |
|---|---|
| *Officer:* 399 - MYERS | *Supervisor:* S336 - HOELSCHER |
| *Printed Date:*    05/08/2024 08:11 AM | Page: 2 |

D-2



| | **Erie County Sheriff's Office** | *Complaint* |
|---|---|---|
| | **POLICE REPORT** | **24-030601** |
| | **AGG HARASSMENT 2ND** | *Report Date & Time* 04/06/2024 18:30 |

## INCIDENT

| Address of Occurrence | | District | Tract | Occ. Date & Time | Day of Week | Type of Premise |
|---|---|---|---|---|---|---|
| 81 PEARL TE | ELMA | 3 | | 04/06/2024 08:30 | Saturday | Single Family Home |

| Status | Follow Up By | Supl | TT Mess# | TT Entry Date | TT Cancel# | TT Cancel Date |
|---|---|---|---|---|---|---|
| Closed | Records | N | | | | |

| Officers: | 399 - MYERS | Rep. Off.: | 399 - MYERS | Assigned. Off.: |
|---|---|---|---|---|
| | 404 - SIMONICK | Supervisor: | S336 - HOELSCHER | |

## Victim - 1

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| VOGEL | STEPHANIE | | | ▬1980 | White | F | 43 | N | N | PR |

| Address | City | State | Zip | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 4580 KILLIAN RD | NORTH TONAWANDA | NY | 14120 | (716) 418-6101 | |

| Height | Weight | Hair | Eyes | Build | Complexion | Glasses | Scars/Marks/Tattoos | Cell Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

## Offender - 1

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| VERHAGEN | FRANCINE | | | 0▬1984 | White | F | 40 | N | N | PR |

| Address | City | State | Zip | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 80 DELHAM AV | BUFFALO | NY | | (716) 949-8789 | |

| Height | Weight | Hair | Eyes | Build | Complexion | Glasses | Scars/Marks/Tattoos | Cell Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

## Associated Person - 1

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| HILL | JASON | J | | ▬1976 | White | M | 48 | N | N | PR |

| Address | City | State | Zip | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 81 PEARL TE | ELMA | NY | 14059 | (716) 806-9839 | |

| Height | Weight | Hair | Eyes | Build | Complexion | Glasses | Scars/Marks/Tattoos | Cell Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

## OFFENSES

| Law | Section | CA | CL | DG | Description | Report |
|---|---|---|---|---|---|---|
| PL | 240.30-01A | M | A | 2 | AGG HARASSMENT 2ND - COMMUNICATE THREAT PHONE/COMPUTER/MAIL | PR |

## NARRATIVE

| POLICE REPORT | Date Entered: 04/08/2024 04:04 | Typist: ROBERT MYERS | Officer: 399-MYERS |
|---|---|---|---|

On April 6, 2024 at appx 1830 hrs, Deputy Myers was called by dispatch to the Elma substation located at 1600 Bowen Rd to meet with Jason Hill (▬976) and Stephanie Vogel (▬80) regarding an ongoing custody dispute with Hill's ex-wife, Francine Verhagen (▬84). The prior day (4/5/24), Verhagen called for patrol's assistance when Hill failed to exchange their shared children per the couples family court arrangements (see CL 24-030345). Hill stated that he did not feel comfortable leaving his children with Verhagen as he believes that she is currently mentally unstable and the children would not be safe under her supervision. On the evening of 4/5/24, after Verhagen was assisted regarding her custody issue, Verhagen requested a welfare check of her children at Vogel's residence of 4580 Killian Rd North Tonawanda where she believed her children were staying overnight with Hill and Vogel. Verhagen was advised by Deputy Myers prior to leaving the substation to not go to North Tonawanda and confront the household. Niagara County Sheriff's Deputies completed the welfare check and advised Verhagen of their findings that the children were safe. The following morning (4/6/24) at approximately 0830 hrs, Verhagen drove to Vogel's residence in an attempt to find and assume control over her children. As described by Vogel, Verhagen approached her house with her phone out appearing to be video recording. Verhagen looked into Vogel's front door, front porch windows and side door and also walked around Vogels car parked in her driveway looking in the windows appearing to be video recording her findings. Verhagen then went back to her car and sat parked in front of Vogel's house. Vogel then approached Verhagen (video recorded by Vogel and uploaded to Evidence.com) inquiring why she was on Vogel's property. After being advised that Verhagen's children were no longer at her house and that she needed to leave and not attempt to pick up her children at Vogel's house again, Verhagen did leave the area.

| Printed Date: | 05/08/2024 08:10 AM | Page: 1 |
|---|---|---|

D-3



| | **Erie County Sheriff's Office**<br>**POLICE REPORT**<br>**AGG HARASSMENT 2ND** | *Complaint*<br>**24-030601**<br>Report Date & Time<br>04/06/2024 18:30 |
|---|---|---|

After Leaving Vogel's residence, Verhagen drove to 81 Pearl Terrace in Elma, NY which is currently shared marital property of Verhagen and Hill (currently undergoing divorce proceedings). Verhagen then began a Facebook live video stating that Hill and Vogel were kidnapping and withholding her children from her. Verhagen then (per Vogel) named Vogel along with her home address calling her a corrupt US Border Patrol agent who is kidnapping and smuggling kids across the border. Vogel is a U.S. Customs and Border Protection agent based out of Buffalo, NY. Vogel then took to Facebook and began posting messages to the U.S. Customs and Border Protection Facebook account making claims that Vogel was a corrupt agent and needs to be brought to justice. Vogel voiced her concerns to patrol that these encounters will need to be reported to the U.S. CBP as this has now involved the police. Vogel fears that by Verhagen annoucing her name and home address over her Facebook live video, her life and property are now in danger along with her reputation as a U.S. CBP Agent. Deputy Myers advised Vogel that she should report the morning's incident to the Niagara County dispatch and request Verhagen be formally trespassed from her property. NYSP did respond to Vogel for a report under NY 2400137137 and did formally trespass Verhagen from Vogel's property at 4580 Killian Rd in North Tonawanda.

Deputy Myers then consulted with the On-Call ADA (Gene Partridge) who agreed that charges of Aggravated Harassment 2nd could be rationalized pending a Criminal Summons through the Elma Town Court. Deputy Myers took a supporting deposition from Vogel requesting criminal charges and an order of protection against Verhagen (supporting deposition completed on 4/7/24 appx 1715 hrs).

| **SUPPLEMENT # 1** | **Date Entered:** 04/11/2024 21:29 | **Typist:** ROBERT MYERS | **Officer:** 399-MYERS |
|---|---|---|---|

Judge Puleo with Elma Town Court provided an update on the Criminal Summons request. He advises that Vogel follow up with North Tonawanda Police as he does not have jurisdiction over her residence. Deputy Myers advised Vogel of the update. She will follow up with Niagara County dispatch (her home does not fall under NTPD) and attempt to file a revised report with them. Hill to be provided copies of the criminal summons evidence, supporting deposition and information complaint to be given to Vogel as requested as back-up for Vogels updated complaint within Niagara County.

Case will be closed and referred to records.

*IMAGE(S)*

| Officer: **399 - MYERS** | _____ | Supervisor: **S336 - HOELSCHER** | _____ |
|---|---|---|---|

| Printed Date: | 05/08/2024 08:10 AM | | | Page: 2 |
|---|---|---|---|---|

D-4

# Erie County Sheriff's Office
# Complaint Information

**Complaint# 24-030504   Date Received: 04/06/2024   Source:**

| | | | |
|---|---|---|---|
| **Dispatch Code:** | 4597 | **Description:** | **Call Type:** |
| **Final Dispatch Code:** | 4597 | **Description:** | |
| **Street:** | 81 PEARL TE | **Tract:** | **Street Code:** |
| **Cross Street:** | | **Municipality:** ELM | |
| **Business:** | | **Call Back:** | |
| **Times:** | **Received:** 09:28:32   **Dispatched:** 13:42:07   **Arrived:** 13:42:07   **Completed:** 13:42:07 | | |

**Officers:**

**Received By:**                     **Dispatcher:**

**Report (follow up):**                     **Notified:**

| **Action Codes** | 1. | 2. |
|---|---|---|
| | 3. | 4. |

**Associated Persons:** CMP - VERHAGEN, FRANCINE   DOB: 1/30/1984
80 DELHAM AV   BUFFALO   Phone: (716) 949-8789

SUB - HILL, JASON J.   DOB: 1/19/1976
81 PEARL TE   ELMA   Phone: (716) 806-9839

| | | |
|---|---|---|
| 04/06/24 09:26:39 | 927 | Entry Initiated -24-030504   ECS |
| 04/06/24 09:28:30 | 927 | FEMALE IS AT THE RESIDENCE TO PICK UP HER CHILDREN, THERE IS NO ANSWER AT THE DOOR, SHE COULD HER THE CHILDREN INSIDE. |
| 04/06/24 09:28:32 | 927 | Sent to Dispatch - CUSTODY DISPUTE - 81 PEARL TE ELM (3) Pri: 3 -24-030504   ECS |
| 04/06/24 09:29:05 | 908 | Dispatched (Primary) - ECS: 3W-117 [WAS, THOMAS] -24-030504   ECS |
| 04/06/24 09:29:05 | 908 | Enroute - ECS: 3W-117 [WAS, THOMAS] -24-030504   ECS |
| 04/06/24 09:29:26 | 927 | COMP SAID SHE IS NOT LEAVING UNTIL SOMEONE COMES OUT TO SPEAK WITH HER, SHE SAID ITS HER PROPERTY HER NAME IS ON THE DEED |
| 04/06/24 09:29:45 | 908 | Enroute - ECS: 3E-59 [SIMMETH, FRANK] -24-030504   ECS |
| 04/06/24 09:29:45 | 908 | Dispatched - ECS: 3E-59 [SIMMETH, FRANK] -24-030504   ECS |
| 04/06/24 09:35:05 | 908 | On Scene - ECS: 3W-117 [WAS, THOMAS] -24-030504   ECS |
| 04/06/24 09:42:55 | 361 | On Scene : 3E-59 [SIMMETH, FRANK] |
| 04/06/24 09:49:51 | 908 | 10-4 |
| 04/06/24 10:07:40 | 338 | FRANCINE REFUSES TO LEAVE PROPERTY UNTIL SHE GETS VISITATION WITH THE GIRLS. FRANCINE IS LIVE FEEDING THE ENTIRE INTERACTION ON FACEBOOK. THE PROPERTY IS JOINT PROPERTY SO SHE TECHNICALLY HAS THE RIGHT TO SIT OUTSIDE. JASON WAS ADVISED OF THE SITUATION AND WILL CALL BACK IF IT ESCALATES. LO |
| 04/06/24 10:30:05 | 361 | Cleared : 3E-59 [SIMMETH, FRANK] |
| 04/06/24 10:45:20 | 342 | Disposition Added - Log Only |
| 04/06/24 10:49:50 | 908 | Archived -24-030504   ECS |
| 04/08/24 11:17:26 | 941 | JASON REQ A CALL REGARDING HOW TO SUBMIT EVIDENCE |
| 04/08/24 11:17:28 | 941 | Reopened   ECS |
| 04/08/24 13:08:35 | 920 | Dispatched (Primary) - ECS: 5S-59 [SIMMETH, FRANK] -24-030504   ECS |
| 04/08/24 13:08:35 | 920 | Enroute - ECS: 5S-59 [SIMMETH, FRANK] -24-030504   ECS |
| 04/08/24 13:41:36 | 921 | Returned to Pending   ECS |

D-5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case No. _____

VerHagen vs. Erie County Sheriff's Office

# EXHIBIT E

# of pgs (not including cover sheet)___2___

O F W  Messages from Jason Hill

**FILED: ERIE COUNTY CLERK 04/08/2024 09:08 AM**
NYSCEF DOC. NO. 319

INDEX NO. 800049/2022

RECEIVED NYSCEF: 04/08/2024

# Message Report

↗ **OurFamilyWizard**

Generated: 04/08/2024 at 06:30 AM by Francine VerHagen

Number of messages: 1

Timezone: America/New_York

Parents: Francine VerHagen, Jason Hill

Child(ren): Bianca Hill, Maeve Hill

Third Party:

OurFamilyWizard
ourfamilywizard.com
info@ourfamilywizard.com
(866) 755-9991

---

## Message 1 of 1

| | |
|---|---|
| Sent: | 04/06/2024 at 08:40 AM |
| From: | Jason Hill |
| To: | Francine VerHagen (*First Viewed: 04/06/2024 at 08:41 AM*) |
| Subject: | Re: Pick up |

You said multiple times you were not returning the girls Mon morning. U kept claiming Monday was a holiday. Why are you at someone else's house walking the property and recording?

---

### On 04/06/2024 at 08:36 AM, Francine VerHagen wrote:

| | |
|---|---|
| To: | Jason Hill (*First Viewed: 04/06/2024 at 08:38 AM*) |
| Subject: | Re: Pick up |

Please show me where I threatened to not return them? I beg you to let me have them on your terms...please!

---

### On 04/06/2024 at 08:30 AM, Jason Hill wrote:

| | |
|---|---|
| To: | Francine VerHagen (*First Viewed: 04/06/2024 at 08:36 AM*) |
| Subject: | Re: Pick up |

I told u we are not at her house!

---

### On 04/06/2024 at 08:17 AM, Francine VerHagen wrote:

| | |
|---|---|
| To: | Jason Hill (*First Viewed: 04/06/2024 at 08:29 AM*) |
| Subject: | Re: Pick up |

I'm on my way. Please

---

### On 04/06/2024 at 07:42 AM, Jason Hill wrote:

| | |
|---|---|
| To: | Francine VerHagen (*First Viewed: 04/06/2024 at 07:43 AM*) |
| Subject: | Re: Pick up |

You're not taking the children

---

### On 04/06/2024 at 07:41 AM, Francine VerHagen wrote:

| | |
|---|---|
| To: | Jason Hill (*First Viewed: 04/06/2024 at 07:42 AM*) |
| Subject: | Re: Pick up |

I will be picking up the children for their parenting time. Where are you located for pick up?

---

E-1

**FILED: ERIE COUNTY CLERK 04/08/2024 09:08 AM**

NYSCEF DOC. NO. 319

INDEX NO. 800049/2022

RECEIVED NYSCEF: 04/08/2024

**On 04/06/2024 at 07:38 AM, Jason Hill wrote:**

To:         Francine VerHagen (*First Viewed: 04/06/2024 at 07:39 AM*)

Subject:    Re: Pick up

You are completely out of control. The children are safe. 2 sheriff's and a state trooper checked up on the children. No one is kidnapped. Another sheriff checked up w a phone call. You threatened to not return the children. Your paranoia and delusions are setting in again. We are not w sparky either.

**On 04/06/2024 at 07:24 AM, Francine VerHagen wrote:**

To:         Jason Hill (*First Viewed: 04/06/2024 at 07:30 AM*)

Subject:    Re: Pick up

I'm coming to pick up the children from Ms. Vogels residence where they are illegal staying... have them ready BY8AM

**On 04/05/2024 at 08:49 PM, Jason Hill wrote:**

To:         Francine VerHagen (*First Viewed: 04/05/2024 at 08:52 PM*)

Subject:    Re: Pick up

You threatened to not return the children as well

**On 04/05/2024 at 08:28 PM, Francine VerHagen wrote:**

To:          Jason Hill (*First Viewed: 04/05/2024 at 08:46 PM*)

Subject:     Re: Pick up

Attachments: Screenshot_20240405-202736_Gmail.jpg (421 KB)

Please have them to 80 Delham Ave by 930pm

**On 04/05/2024 at 06:01 PM, Jason Hill wrote:**

To:         Francine VerHagen (*First Viewed: 04/05/2024 at 06:01 PM*)

Subject:    Re: Pick up

I am not sending the girls w u. There are huge safety concerns. You are showing signs of paranoia and delusions. I am not going to have what happened a few yrs ago. The sheriff's have already been informed.

**On 04/05/2024 at 05:55 PM, Francine VerHagen wrote:**

To:         Jason Hill (*First Viewed: 04/05/2024 at 05:59 PM*)

Subject:    Pick up

I'm at the house. Please be here by 6pm

P-2